**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **FRED THOMAS, JR.**, | |
| Plaintiff, | Civil Action No. 24-1044 (ZNQ) (RLS) |
| v. | **OPINION** |
| **CNN, *et al.***, | |
| Defendants. | |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed *in forma pauperis* filed by Plaintiff Fred Thomas, Jr. ("Plaintiff"). (ECF No. 1-3.)  For the reasons set forth below, Plaintiff's IFP Application is **GRANTED**, but his Complaint will be **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that Defendants Jeff Shell, the former CEO of NBC, Rashida Jones, the former president of MSNBC, Sir Mark Thompson, the CEO of CNN, and the Host of the View violated his First Amendment rights.  According to Plaintiff, they conducted mind control on Americans to make them agree with their beliefs.  (ECF No. 1 at 3.)

## II.    SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

### III.   <u>LEGAL STANDARD</u>

To proceed in forma pauperis under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

IV.     **DISCUSSION**

    A.     **IFP**

The IFP application is complete and indicates that Plaintiff does not have an income or any assets.  The Court, accordingly, finds that Plaintiff is entitled to IFP and will **GRANT** Plaintiff's application.

    B.     **COMPLAINT SCREENING**

Putting aside Plaintiff's far-fetched and implausible allegations, the Complaint does not allege any facts to support a claim under the First Amendment.  It is well-established that the First Amendment "prohibits *governmental* abridgement of speech" and "does not prohibit *private* abridgement of speech." *Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) (emphasis in original).  Here, Plaintiff's claims are against private individuals and entities who are not subject to the First Amendment's Free Speech Clause.  Accordingly, Plaintiff's Complaint will be **DISMISSED**.

## V.   **<u>CONCLUSION</u>**

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP Application.  The Court further finds that any amendment of Plaintiff's Complaint would be futile given that the Free Speech Clause does not prohibit private abridgements of speech.  *See Manhattan Community Access Corp.*, 587 U.S. at 808.  Therefore, Plaintiff's Complaint will be **DISMISSED WITH PREJUDICE**.  An appropriate Order will follow.

Date: March 2, 2026

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
